UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BRIAN INGRAHAM, RUTH INGRAHAM, and others similarly situated,

    Plaintiffs,

v.

IRS BONUS PARTNERS, an informal enterprise affecting interstate commerce, SHARON McGOWAN, MARGARET M. KLINE, FRANK DOWNEY, JR., KRAIG S. KUKLEWSKI, and MARGARET CHIARA,

    Defendants.

_____/

Case No. 1:05-CV-367

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendants Sharon McGowan, Margaret M. Kline, Frank Downey, Jr., Kraig Kuklewski, and Margaret Chiara's Motion to Dismiss.[1] Plaintiffs have responded to Defendants' Motion and the Court finds oral argument unnecessary. W.D. MICH. LCIVR 7.2(d).

**I.   BACKGROUND**

Plaintiffs commenced this action *pro se* and charged Defendants with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, in connection with collection of tax revenue.[2] According to Plaintiffs, Defendant IRS Bonus Partners "is an informal

---

[1] Though not named in Plaintiffs' Complaint, the United States of America joined in Defendants' Motion to Dismiss since it perceived itself as the real party in interest. Because the Court will dismiss this action on alternate grounds, it will not reach this question. *See infra* section III.

[2] For clarity and ease of reference, the Court will refer to Defendants McGowan, Kline, Downey, Kuklewski, and Chiara collectively as "Defendants."

enterprise composed of IRS agents, rogue agents and United States attorneys, who prosecute civil and criminal actions against citizens of the sovereign states with an expectation that the agents and rogue agents, and U.S.attorneys [sic] will receive bonuses and bounties for their prosecutions."[3] (Pls.' Compl. at 1). Defendants McGowan, Kline, Downey and Kuklewski are United States Internal Revenue Service agents. Defendant Chiara is the United States Attorney for the Western District of Michigan.

The common allegations in Plaintiffs' Complaint essentially theorize that Defendant Internal Revenue Service agents, in conjunction with the United States Attorney, work on a commission basis when collecting tax revenue. Specifically, Plaintiffs aver that:

> IRS agents, rogue agents and Justice Department attorney's [sic] motivated by anticipated bonus and bounties targeted the Ingraham's [sic] for collection activities which necessitated the respondents machinating incredible and massive frauds intended to extort property . . . ; fabricated a tax bill due and owing the United States Treasury by the Ingraham's [sic] of nearly one hundred and fifty thousand dollars . . . ; committed mail fraud by repeatedly uttering false documents through the United States Mail Service . . . ; demand[ed] sums greater than and different from sum procedurally proper [citing 26 U.S.C. § 7214(a)] . . . ; violated Michigan's false document law . . . ; [and, again] utter[ed] patently fraudulent statements through the United States Mail Service in an attempt to defraud the Ingraham's [sic].

(Pls.' Compl. at 2-3). Plaintiffs seek an order of the Court dissolving Defendant IRS Bonus Partners and $500,000 in damages.

## II.    CONTROLLING STANDARDS

Whether dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir.

---

[3] Defendants maintain that there is no such entity named IRS Bonus Partners. (*See* Defs.' Mem. in Supp. of Mot. for Extension of Time to Answer at 1 n.1).

2004). The Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, *Smith*, 378 F.3d at 568, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Roberson*, 399 F.3d at 794; *Arrow*, 358 F.3d at 393. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Saglioccolo*, 112 F.3d at 228-29; *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Though decidedly liberal, Rule 12(b)(6) does require more than the bare assertion of legal conclusions. *Bovee*, 272 F.3d at 361; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Despite commencing this action *pro se*, Plaintiffs will receive no special treatment when reviewing their Complaint against Defendants' Motion to Dismiss. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) (out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, the court adopts a rule that no special treatment was to be afforded ordinary civil litigants who proceed *pro se*).

**III.  DISCUSSION**

To state a civil RICO claim, Plaintiffs must show: (1) conduct (2) of an enterprise (3) engaged in or affecting interstate commerce (4) through a pattern (5) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 496 (1985); *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988) (emphasis omitted).  Upon review, the Court finds that Plaintiffs' Complaint fails to adequately plead a RICO enterprise.

The existence of an enterprise is shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkettte*, 452 U.S. 576, 583 (1981).  Plaintiffs assert that IRS Benefit Partners suffices as a RICO enterprise.  The Court disagrees.  Defendant IRS Benefit Partners is named as a defendant and is comprised of the remaining Defendants, and thus, it cannot also be considered a RICO enterprise. *See Switzer v. Coan*, 261 F.3d 985, 992 (10th Cir. 2001); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Major v. Internal Revenue Serv.*, No. C05-1038Z, 2005 WL 2656971, at *5 (W.D. Wash. Oct. 17, 2005).  The RICO enterprise must be pled as existing separately from Defendants' activity. *Rae*, 725 F.2d at 481 (citing *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1182, 1190 (4th Cir. 1982)) ("We conclude that 'enterprise' was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit . . . .").  In other words, "the 'enterprise' [Plaintiffs] specified in the[ir] complaint is simply the group of individual defendants accused of engaging in the racketeering." *Switzer*, 261 F.3d at 992.  Consequently, Plaintiffs have failed to sufficiently plead a RICO enterprise.

Furthermore, Plaintiffs have also failed to plead the necessary structure of the alleged RICO enterprise.  A RICO enterprise is more than a group of individuals who get together and agree to

racketeer; "the central element of an enterprise is structure." *Jennings v. Emry*, 910 F.2d 1434, 1441 (7th Cir. 1990) (internal citations omitted). When confronted with bare and conclusory allegations of a RICO enterprise, the Sixth Circuit Court of Appeals has upheld dismissal for failing to plead enterprise structure and noted that:

> Generally, a plaintiff must submit evidence of some sort of "chain of command" or other evidence of a hierarchy, even a highly limited one. *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 700 (6th Cir. 2000). Plaintiffs' complaint contains no such evidence. Because the complaint is devoid of any proof whatsoever of an enterprise, the district court properly dismissed plaintiffs' complaint pursuant to Rule 12(b)(6).

*Walker v. Jackson Pub. Sch.*, 42 Fed. Appx. 735, 737-38 (6th Cir. 2002). Similarly, this Court has before it a complaint bereft of any evidence of a RICO enterprise structure, hierarchy, or chain of command. Thus, because Plaintiffs' Complaint does not establish a RICO enterprise, their Complaint must be dismissed.[4]

The Court will grant Defendants Sharon McGowan, Margaret M. Kline, Frank Downey, Jr., Kraig Kuklewski, and Margaret Chiara's Motion to Dismiss. A Judgment consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 12, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[4] The Court will also *sua sponte* dismiss Plaintiffs' Complaint against Defendant IRS Bonus Partners because it is "simply the group of individual defendants accused of engaging in the racketeering," *Switzer*, 261 F.3d at 992, and is not a RICO enterprise. Therefore, Plaintiffs cannot establish a *prima facie* case as to Defendant IRS Bonus Partners either.